101 N.J. Super. 190 (1968)
243 A.2d 846
THE STATE OF NEW JERSEY
v.
GERALD LEON AGENT, DEFENDANT.
Superior Court of New Jersey, Law Division  Criminal.
Argued May 3, 1968.
Decided May 3, 1968.
*191 Mr. Thomas L. Yaccarino, Assistant County Prosecutor, for the State of New Jersey (Mr. Vincent P. Keuper, County Prosecutor of Monmouth County, attorney).
Mr. Harold A. Karasic, Assistant Deputy Public Defender, for defendant (Mr. Peter Murray, Public Defender, attorney).
FISHER, J.S.C.
Defendant has moved pursuant to R.R. 3:2A-6(a) for an order suppressing evidence seized from his person by officers of the Matawan Police Department. The facts are stipulated. The defendant was brought to the Matawan Police Headquarters in an unconscious state by two unidentified men at 11:36 P.M. on November 4, 1967. While the defendant was still unconscious he was searched by police officers who discovered a quantity of marijuana on the defendant's person. Defendant was later indicted under N.J.S.A. 24:18-4 for possession of narcotics.
Defendant argues that under these circumstances it was incumbent upon the state to secure a search warrant before conducting a search of the defendant's person. U.S.C.A. Const. Amend. 4.
It was recognized in Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948) that "There are exceptional circumstances in which, on balancing the need for effective law enforcement against the right of privacy, it may be contended that a magistrate's warrant for search may *192 be dispensed with." Such a situation existed in Wayne v. United States, 115 U.S. App. D.C. 234, 318 P.2d 205 (D.C. Cir. 1963), certiorari denied 375 U.S. 860, 848 Ct. 125, 11 L.Ed.2d 86 (1963) where police had reason to believe that the victim of an abortion was languishing near death inside of the defendant's premises.
In State v. Puryear, 94 N.J. Super. 125 (App. Div. 1967) an agent of the Newark Bureau of Industrial Hygiene and Air Pollution Control received a complaint of an odor of coal gas emanating from an apartment in Newark. The police rescue squad was summoned and the apartment was broken into upon the assumption that people might be trapped inside. Evidence of bookmaking activities were discovered and seized. In sustaining the search without a warrant the Appellate Division noted that the purpose of the search was not to effect an arrest, "but rather to avert a possible disaster from what reasonably appeared at the moment to be a developing emergency." (at p. 135).
In the case here under consideration there was nothing to indicate to the Matawan Police that the defendant had violated the law, but the officers had an unconscious man on their hands. He was obviously sick or injured. It then became absolutely necessary for the officers to search the defendant to discover his identity, next of kin, and possible information which would indicate that he was suffering some chronic disease. A search of an unconscious person by the police in these circumstances is not only reasonable, but required. In accord on similar facts is Vauss v. United States, 125 U.S. App. D.C. 228, 370 F.2d 250, 252 (D.C. Cir. 1967).
The motion is denied.